UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, TRUSTEES
OF THE NEW YORK CITY CARPENTERS RELIEF
AND CHARITY FUND, THE NEW YORK CITY AND
VICINITY CARPENTERS LABOR-MANAGEMENT
CORPORATION, and NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS,

                  Petitioners,

              -v.-

ANTONELLI MASONRY, INC.,

                  Respondent.

18 Civ. 11127 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

    Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund; the New York City and Vicinity Carpenters Labor-Management Corporation (collectively, "the Funds"), and the New York City District Council of Carpenters (the "Union," and together with the Funds, "Petitioners") have filed a motion for summary judgment requesting two forms of relief. *First*, Petitioners seek to confirm an arbitration award issued under Section 301 of the Taft-Hartley Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185. *Second*, Petitioners move to recover the attorney's fees and costs they have incurred in seeking to confirm the award. The motion is

unopposed: Respondent Antonelli Masonry, Inc. ("Antonelli"), did not appear in the underlying arbitration, and has not appeared before this Court. For the reasons set forth below, Petitioners' motion is granted in full.

## BACKGROUND[1]

### A. Factual Background

Petitioners Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. Petitioners Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). Petitioner New York City and Vicinity Carpenters Labor-Management Corporation is a New

---

[1] This Opinion draws on facts from the Declaration of William Davidian ("Davidian Decl." (Dkt. #12)), and the exhibits attached thereto, which include the collective bargaining agreement (the "CBA" (Dkt. #12-2)) between the Building Contractors Association, Inc. (the "BCA") and the Union; the CBA extensions through February 28, 2018 (the "CBA Extensions" (Dkt. #12-3)); the Policy for Collection of Employer Contributions referenced in the CBA (the "Collections Policy" (Dkt. #12-4)); the Notice of Hearing (the "Notice of Hearing" (Dkt. #12-5)); and the Opinion and Default Award that Petitioners seek to confirm (the "Award" (Dkt. #12-6)).

The Opinion also cites to the Declaration of Todd Dickerson ("Dickerson Decl." (Dkt. #13)), and the exhibit attached thereto, which comprises Virginia & Ambinder, LLP's ("V&A") billing records and itemization of costs of suit (the "Time Sheets" (Dkt. #13-1)).

Finally, this Opinion cites to the Petition to Confirm an Arbitration Award (the "Petition" or "Pet." (Dkt. #1) and to Petitioners' Local Civil Rule 56.1 Statement of Material Facts ("Pet'r 56.1" (Dkt. #14)), the latter of which is uncontested. Citations to Petitioners' Rule 56.1 Statement incorporate by reference the documents cited therein. Where facts stated in the Rule 56.1 Statement are supported by testimonial or documentary evidence, the Court finds such facts to be true. *See* S.D.N.Y. Local Rule 56.1(c)-(d).

York not-for-profit corporation. Petitioner New York City District Council of Carpenters is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and is the certified bargaining representative for certain of Respondent's employees. (Pet. ¶¶ 3-6). Respondent is "a domestic business corporation organized under the laws of the State of Connecticut." (*Id.* at ¶ 7).

This case arises from Respondent's alleged breach of a collective bargaining agreement (the "CBA") between the Building Contractors Association, Inc. (the "BCA") and the Union. (Pet'r 56.1 ¶¶ 1-7; *see also* Davidian Decl. ¶¶ 8-9). Antonelli joined the BCA on November 1, 2017, and thereafter became subject to the CBA between the BCA and the Union. (Pet'r 56.1 ¶¶ 6-7; *see also* Davidian Decl., Ex. A). The CBA provided that the "duration of this Agreement shall continue until June 30, 2015, and shall be renewed automatically for one-year intervals. (*Id.* at ¶ 8; *see also* CBA Art. XX). The BCA and the Union agreed to extensions of the CBA through February 28, 2018. (CBA Extensions). Under the CBA and its Extensions, each employer in the BCA is bound by the Funds' Collection Policy. (*See* Davidian Decl. ¶¶ 16-17 (citing CBA Art. XVI, §§ 1, 3)).

In relevant part, the Collections Policy states:

> If the applicable collective bargaining agreement sets a contribution due date, then such due date specified in the collective bargaining agreement shall be the due date of contributions. If the applicable collective bargaining agreement does not specify a due date, then contributions are due seven (7) calendar days after the end of each pay period.

3

(Davidian Decl. ¶ 18 (citing Collections Policy § II(1))). In the event of a failure to make these payments, the Collections policy provides:

> During the first quarter of each calendar year beginning after adoption of this Policy, the Funds' Collection Counsel shall obtain from the Fund Office a list of all employers that owe interest on past late payments during the prior six years, excluding payments prior to February 1, 2012. Collection Counsel shall promptly transmit a copy of the list to the Delinquency Committee and send a letter to each employer on the list demanding immediate payment of the interest upon pain of legal proceedings. If an employer has not paid the interest within thirty (30) days after the date of counsel's letter and owes interest in excess of a de minimis amount prescribed by the Trustees, Collection Counsel shall initiate legal action by sending by Certified Mail, Return Receipt Requested, to the employer a Notice of Intent to Arbitrate for the interest.

(Collections Policy § V(3)).

Equally relevant here, at Article XVI, Section 7, the CBA outlines a grievance procedure requiring any complaint that is not resolved through negotiation to be submitted to arbitration. (CBA, art. XVI, § 7). Section 6(a), in turn, provides that

> [i]n the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s) such Fund(s), in accordance with the judgment of the court, and in lieu of any other liquidated damages, costs, attorney's fees and/or interest, the following: (a) the unpaid contributions; plus (b) interest on the unpaid contributions determined at the prime rate of Citibank plus 2%; plus (c) an amount equal to the greater of (1) the amount of the interest charges on the unpaid contributions as determined in (b) above, or (2) liquidated damages of 20% of the amount of the

4

> unpaid contributions; plus (d) reasonable attorney's fees and costs of the action; and (e) such other legal or equitable relief as the court deems appropriate.

(*Id.* at § 6(a)).

The dispute giving rise to the instant litigation began when the Funds' review of Antonelli's records indicated that Antonelli had failed to remit the required contributions to the Funds in the principal amount of $83,800.78, for the time period between November 1, 2017, and February 6, 2018. (Davidian Decl. ¶ 20). The Funds further calculated that Antonelli owed $570.90 in interest (the "Late Payment Interest") for its failure to pay timely contributions. (*Id.* at ¶ 21). Petitioners initiated an arbitration before the CBA-designated arbitrator (the "Arbitrator"), and the dispute was submitted to arbitration. (Pet'r 56.1 ¶¶ 19-20).

On September 24, 2018, the Arbitrator held a hearing, at which no one appeared on behalf of Respondent. (Award 1). The Arbitrator proceeded to hear the testimony of Petitioners and found

> the Respondent Employer, Antonelli Masonry, [was] delinquent in Fringe Benefit monies due under its written agreement and [was] also obligated to pay delinquency assessment and interest on its delinquency, plus an Attorney's Fee to the Petitioners and the Fee of the undersigned Arbitrator, Court Costs, Audit Cost, Promotional Fund Fee plus Additional Shortages all in accordance with the terms and provisions of the Collective Bargaining Agreement

(Award 2-3). The award included $83,800.78 in principal, $3,659.09 in total interest, $16,760.16 in liquidated damages, $570.90 in late payment interest, $471.25 for the promotional fund fee, $400 in court costs, $1,500 in attorney's

5

fees, and $500 for the Arbitrator's fee. (Award 3). The aggregate amount of the award was $107,662.18. (*Id.*). In addition, interest was to accrue on the award "at the rate of 7% from the date of [the] award." (*Id.* at 3).

**B.    Procedural Background**

Petitioners brought the instant action against Respondent on November 29, 2018. (Dkt. #1). In response to this Court's December 18, 2018 Order (Dkt. #7), on January 11, 2019, Petitioners filed a motion for summary judgment and supporting papers (Dkt. #11-14). In addition to seeking to confirm the arbitration award, and to include post-judgment interest at the statutory rate,[2] Petitioners ask this Court to award $3,875.64 in attorney's fees and costs for the legal work in seeking confirmation of the Award. (Dickerson Decl. ¶¶ 8-9).

## DISCUSSION

**A.    The Court Confirms the Arbitration Award**

   **1.    Applicable Law**

"The LMRA establishes a federal policy of promoting 'industrial stabilization through the collective bargaining agreement,' with particular emphasis on private arbitration of grievances." *Nat'l Football League Mgmt. Council* v. *Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *United Steelworkers of Am.* v. *Warrior & Gulf Navigation Co.,* 363 U.S.

---

[2]    Under 28 U.S.C. § 1961, awards of post-judgment interest in actions to confirm arbitration are mandatory. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund* v. *DV I, LLC*, No. 17 Civ. 7367 (PAE), 2018 WL 461244, at *6 (S.D.N.Y. Jan. 18, 2018).

6

574, 578 (1960)).[3] Accordingly, judicial "review of an arbitration award under the LMRA is … 'very limited.'" *Id.* (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (per curiam)). "[U]nless the award is procured through fraud or dishonesty … the arbitrator's factual findings, interpretation of the contract[,] and suggested remedies" are binding on the reviewing court. *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. High Performance Floors Inc.*, No. 15 Civ. 781 (LGS), 2016 WL 3194370, at *2 (S.D.N.Y. June 6, 2016) (first alteration in original) (internal quotation marks omitted) (quoting *Local 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999)), *reconsideration denied*, 2016 WL 3911978 (S.D.N.Y. July 15, 2016).

A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but" instead may "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League*, 820 F.3d at 536. A reviewing court's "task

---

[3] The LMRA, not the Federal Arbitration Act (the "FAA"), governs this Court's review of the instant motion. "[I]n cases brought under Section 301 of the [LMRA] … the FAA does not apply." *Coca-Cola Bottling Co. of N.Y. v. Soft Drink & Brewery Workers Union Local 812 Int'l Bhd. of Teamsters*, 242 F.3d 52, 53 (2d Cir. 2001). And Section 301 of the LMRA "serves as the foundation for a substantive body of federal law that is 'analytically distinct from the [FAA].'" *1199 SEIU United Healthcare Workers E. v. Lily Pond Nursing Home*, No. 07 Civ. 408 (JCF), 2008 WL 4443945, at *3 (S.D.N.Y. Sept. 29, 2008) (quoting *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 221 (2d Cir. 2002)). Nonetheless, "the FAA is useful as a source of principles to guide the development of law under LMRA § 301 … particularly [ ] in the context of a petition to confirm or vacate an arbitration award." *Id.* Both statutes call for courts to be "extremely deferential" when reviewing arbitration awards. *Supreme Oil Co. v. Abondolo*, 568 F. Supp. 2d 401, 405 (S.D.N.Y. 2008).

is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*, 484 U.S. 29, 38 (1987)). "As long as the award 'draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice,' it must be confirmed." *Id.* (quoting *Int'l Bhd. of Elec. Workers, Local 97* v. *Niagara Mohawk Power Corp.*, 143 F.3d 704, 714 (2d Cir. 1998)).

Thus, "[c]onfirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *Trs. for the Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund* v. *Odessy Constructioncorp*, No. 14 Civ. 1560 (GHW), 2014 WL 3844619, at *1 (S.D.N.Y. Aug. 1, 2014) (internal quotation marks omitted) (quoting *N.Y. Med. Ctr. of Queens* v. *1199 SEIU United Healthcare Workers E.*, No. 11 Civ. 4421 (ENV) (RLM), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012)). "When a petition to confirm an arbitration award is unopposed, courts should generally treat 'the petition and accompanying record … as akin to a motion for summary judgment.'" *Id.* at *2 (omission in original) (quoting *D.H. Blair & Co.* v. *Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006)). "Thus, like unopposed summary judgment motions, unopposed confirmation petitions 'must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *D.H. Blair & Co.*, 462 F.3d at 110).

8

## 2. Analysis

Viewed in light of the LMRA, the undisputed facts of this case make plain that the Court must confirm the Award. The CBA required Respondent to remit certain contributions to the Funds. In addition, the CBA entitled Petitioners to pursue arbitration if Respondent failed to make these contributions. Petitioners determined that Respondent had failed to make such contributions from November 1, 2017, to February 6, 2018. Petitioners filed a Demand for Arbitration, and served Respondent with the Notice of Hearing on June 7, 2018. (Notice of Hearing).

On the basis of the CBA and the unopposed testimony of Charles Virginia, Esq., appearing on behalf of Petitioners, the Arbitrator found that "the Respondent Employer, Antonelli Masonry, [was] delinquent in Fringe Benefit monies due under its written agreement." (Award 2). The Arbitrator rendered a written decision directing Respondent to pay a total amount of $83,800.78 plus post-award interest, late payment interest, liquidated damages, court costs, audit costs, a promotional fund fee, the attorney's fees for the arbitration, as well the Arbitrator's fee. (*See id.* at 3). The total award was an aggregate amount of "One Hundred Seven Thousand Six Hundred Sixty Two & 18/100 dollars ($107,662.18) … with interest to accrue at the rate of 7% from the date of this award." (*Id.*).

In this case, the Arbitrator properly construed and applied the CBA when he issued the Award. The LMRA, in turn, requires the Court to confirm the Award.

**B.  The Court Grants Petitioners' Application for Attorney's Fees and Costs**

**1.  Applicable Law**

"Generally, 'in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award.'" *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Formula 1 Builders, LLC*, No. 17 Civ. 1234 (GHW), 2017 WL 1483369, at *4 (S.D.N.Y. Apr. 25, 2017) (quoting *Int'l Chem. Workers Union, Local No. 227* v. *BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)).  And "Section 301 of the LMRA does not provide for the recovery of attorney's fees." *Id.*  However, an award of attorney's fees and court costs is proper when consistent with the parties' contractual obligations under the CBA.  *See N.Y.C. Dist. Council of Carpenters* v. *JFD Sales Consulting Servs. Corp.*, No. 17 Civ. 3733 (LGS), 2017 WL 4736742, at *2 (S.D.N.Y. Oct. 19, 2017).  When the contract requires payment, the prevailing parties can recover attorney's fees.

In addition, a court may "exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith." *N.Y.C. Dist. Council of Carpenters* v. *Gen-Cap Indus., Inc.*, No. 11 Civ. 8425 (JMF), 2012 WL 2958265, at *5 (S.D.N.Y. July 20, 2012).  "In confirmation proceedings, 'the guiding principle has been stated as follows:  [W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.'" *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman, Retraining, Educ. & Indus. Fund* v. *Mountaintop Cabinet Mfr. Corp.*, No. 11 Civ. 8075 (JMF),

2012 WL 3756279, at *4 (S.D.N.Y. Aug. 29, 2012) (quoting *N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Angel Const. Grp., LLC*, No. 08 Civ. 9061 (RJS), 2009 WL 256009, at *2 (S.D.N.Y. Feb. 3, 2009)).

Determining whether attorney's fees are reasonable requires a court to assess that attorney's hourly rate and the number of hours he or she billed at that rate. "A reasonable hourly rate is 'what a reasonable, paying client would be willing to pay.'" *N.Y.C. & Vicinity Dist. Council of Carpenters* v. *Plaza Constr. Grp., Inc.*, No. 16 Civ. 1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (quoting *Watkins* v. *Smith*, No. 12 Civ. 4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015)). An hourly rate is considered reasonable when it is comparable to the prevailing rates in the community for similar services by lawyers of commensurate skill. *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Dejil Sys., Inc.*, No. 12 Civ. 5 (JMF), 2012 WL 3744802, at *4 (S.D.N.Y. Aug. 29, 2012). And "[h]ours that are excessive, redundant, or otherwise unnecessary, are to be excluded from the calculation of a reasonable fee." *Plaza Constr. Grp.*, 2016 WL 3951187, at *2 (internal quotation marks and citation omitted).

As for costs, judges in this District "routinely permit[ ]" attorneys to recoup "filing fees, service of process fees, charges for delivery of the summons and petition to the process server, and for service of orders and motion papers on" an opposing party. *Plaza Constr. Grp.*, 2016 WL 3951187, at *2.

## 2. Analysis

Petitioners seek $3,875.64 in attorney's fees and costs. This amount does not include the $1,500 in attorney's fees included by the Arbitrator in the Award. (*See* Award 3). Petitioners seek the additional attorney's fees and costs for the work performed in pursuing this action. (*See* Time Sheets (providing hours worked beginning on October 19, 2018)). Because Respondent agreed to a CBA that authorized the recovery of fees and costs in these circumstances; failed to participate in the initial arbitration after receiving notice; and did not oppose the Petitioners' application for confirmation of the arbitration award, the Court concludes that Petitioners are entitled to recover their fees and costs from the instant action. And because the fees and costs Petitioners have requested are reasonable, the Court grants their request in full.

*First*, the requested $3,686 fee is reasonable. In support of that request, Petitioners submitted time records documenting the hours worked and activities performed in support of this action. (*See* Time Sheets). A total of 14.80 hours of work were completed by one associate, who billed at $275 per hour; one "of counsel," who billed at $350 per hour; and several legal assistants, who billed at $120 per hour. (*See id.*). On review of the contemporaneous time records, compared against the prevailing rates in the community, the amounts requested are reasonable. *See, e.g., Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Coastal Envtl. Grp., Inc.*, No. 16 Civ. 6004 (GHW), 2016 WL 7335672, at *4 (S.D.N.Y. Dec. 16, 2016) (noting, in 2016, that rates of $300 per hour for "of counsel," $225 per hour for associates

and law clerks, and $100 per hour for paralegals were reasonable). In addition, other judges in the Second Circuit have awarded similar fees in confirmation proceedings for V&A attorneys and legal assistants. *See, e.g., Trs. of N.Y. Dist. Council of Carpenters Pension Fund* v. *Metro. Fine Mill Work Corp.*, No. 14 Civ. 2509 (PAE), 2015 WL 2234466, at *5 (S.D.N.Y. May 12, 2015) (approving rates of $225 for V&A's associates and $100 for its legal assistants). This Court finds that the billing rate and hours are reasonable and grants the application for $3,686.

This Court also finds that Petitioners' request for $189.64 in costs is reasonable.[4] This figure consists primarily of the $153.40 court service fee, along with miscellaneous mailing costs. (*See* Time Sheets). "Recovery of such costs is routinely permitted." *Plaza Constr. Grp.*, 2016 WL 3951187, at *2.

## CONCLUSION

For the reasons set forth above, Petitioners' motion for summary judgment to confirm the Award is GRANTED. The Clerk of Court shall enter judgment for Petitioners and against Respondent in the amount of $111,537.82, which consists of the arbitration award of $107,662.18 plus $3,875.64 in attorney's fees and costs. On the arbitration award of $107,662.18, the Court grants Petitioners' request for interest from the date of the Award through the date of judgment. The pre-judgment interest accrues at

---

[4] This amount excludes the $400 court costs already awarded in the arbitration award. (Dickerson Decl. ¶ 9).

13

the annual rate of 7%, pursuant to the Award. Post-judgment interest will accrue at the statutory rate pursuant to 28 U.S.C. § 1961.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: April 19, 2019
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge